CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 27 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOE LYNN CLARY, ) | |
| Petitioner ) | Civil Action No. 7:10cv00477 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner, Joe Lynn Clary, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Clary argues that the Virginia Department of Corrections ("VDOC") is improperly executing his sentence, resulting in his sentence being unconstitutionally lengthened. The Virginia Supreme Court already adjudicated this claim on the merits and dismissed it. This court finds that the state court's adjudication of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. Therefore, the court grants respondent's motion to dismiss.

I.

On November 14, 2006, in the Circuit Court for the City of Winchester, Clary was convicted of the following offenses and received to the following sentences:

| Offense | Case No. | Sentence |
|---|---|---|
| Abduction | CR06000919-00 ("919") | 5 years (suspended) |
| Unlawful Wounding | CR06000920-00 ("920") | 5 years (active) |
| Unlawful Wounding | CR06000921-00 ("921") | 5 years (active) |

The court ran the sentences imposed in cases 920 and 921 concurrently to each other, but consecutively to the sentence imposed in case 919. Therefore, the court sentenced Clary to a total active term of 5 years incarceration. Clary did not appeal.

On June 22, 2007, in the Circuit Court for the City of Winchester, Clary was convicted of the following offenses and received the following sentences:

| Offense | Case No. | Sentence |
| --- | --- | --- |
| Receiving Stolen Property | CR06001675-00 ("1675") | 6 months (active) |
| Grand Larceny | CR06001677-00 ("1677") | 1 year (active) |
| Unauthorized Use of a Motor Vehicle | CR06001678-00 ("1678") | 1 year (suspended) |
| Obtaining by Fraud | CR06001679-00 ("1679") | 1 year (suspended) |
| Grand Larceny | CR06001680-00 ("1680") | 2 years (suspended) |
| Breaking and Entering | CR06001681-00 ("1681") | 1 year (active) |
| Breaking and Entering | CR06001682-00 ("1682") | 2 years (active) |
| Obtaining by Fraud | CR06001683-00 ("1683") | 1 year (suspended) |
| Obtaining by Fraud | CR06001684-00 ("1684") | 1 year (suspended) |
| Grand Larceny | CR07000112-00 ("112") | 1 year, 6 months (suspended) |
| Grand Larceny | CR07000113-00 ("113") | 1 year (active) |
| Breaking and Entering | CR07000114-00 ("114") | 2 years (active) |

The court ran all sentences consecutively to each other, leaving Clary to serve a total active term of 7 ½ years incarceration.[1] The court also ran this 7 ½-year term concurrently to Clary's 5-year term imposed in Case No. 920. Clary did not appeal.

On May 29, 2009, Clary filed a state habeas petition in the Circuit Court for the City of Winchester, alleging that the VDOC was improperly executing his sentence which resulted in his unconstitutionally lengthened detention. Clary argued that his total term of incarceration is only 5 years because the court, in 2007, ran his 7 ½-year sentence concurrent to his 2006 5-year sentence. The court rejected Clary's argument on the merits, finding that "Va. Code § 53.1-151(A)(4) provides that 'in the case of terms of imprisonment to be served concurrently, the longest term imposed shall be the term of imprisonment' [and that]... the VDOC has correctly calculated that Clary has a sentence of 7 ½ years to serve." Clary appealed the circuit court's denial of habeas petition and the Supreme Court of Virginia refused his appeal on October 5,

---

[1] Clary appears to now argue that the sentences he received on June 2, 2007, were intended to run concurrently, not consecutively. However, the June 2 sentencing order issued by the Winchester Circuit Court clearly states that these sentences were intended to run consecutively with each other, for a total of 7 ½ years.

2

2010, finding no reversible error by the circuit court. Clary filed his current § 2254 petition claiming that the VDOC is improperly executing his state court sentences and unconstitutionally lengthening his detention.

## II.

The respondent argues that the Supreme Court of Virginia rejected Clary's claim on its merits and that its adjudication did not result in a decision that was contrary to or involve an unreasonable application of clearly established law, or one that was based on an unreasonable determination of the facts. Consequently, respondent argues, the claim is unassailable in federal habeas. The court agrees and dismisses Clary's petition.

This court may not grant relief on any claim that the state courts have adjudicated on the merits, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see also Williams v. Taylor, 529 U.S. 362, 376-77 (2000).[1] The circuit court found that the VDOC had properly calculated Clary's sentence. In refusing Clary's petition for appeal on habeas review, the

---

[1] Clary's petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court - as Clary's claim has been - a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1)-(d)(2). A state court adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

3

Supreme Court of Virginia, in effect, adjudicated Clary's claim on its merits. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

This court has reviewed the state court records, including the Winchester Circuit Court judgment orders, and finds that the state court's adjudication of Clary's claim was not based on an unreasonable determination of the facts. Clary's 7 ½-year active sentence imposed in 2007 was ordered to run concurrently with his 5-year sentence imposed in 2006. While Clary argues that his total active term of incarceration should be 5 years because the second sentence was ordered to run concurrent with the first, he is mistaken. Running two sentences concurrently means that the sentences are to run simultaneously or "side by side." When you run a 5-year sentence simultaneously with a 7 ½-year sentence, the 7 ½-year sentence necessarily runs longer than the 5-year sentence and ultimately becomes the total term of incarceration. Because there is no error in the VDOC's calculation of Clary's term of incarceration, there is no constitutional violation and, thus, the state court's adjudication of Clary's claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Accordingly, the court dismisses Clary's claim.

### III.

For the reasons stated, the court grants respondent's motion to dismiss and dismisses Clary's § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 27th day of January, 2011.

United States District Judge